**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   CHRIS M. EZERNACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-15-1015-D |
| | ) | |
| 1.   HORIZONTAL WELL DRILLERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | **ATTORNEY LIEN CLAIMED** |
| | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff CHRIS M. EZERNACK, by and through his counsel of record, STOCKTON LAW GROUP, PLLC, respectfully files this Complaint against Defendant HORIZONTAL WELL DRILLERS, LLC, as follows:

**THE PARTIES**

1. Plaintiff Chris Ezernack ("**Plaintiff**" or "**Ezernack**") is an individual adult male who resides in Sabine Parish, Louisiana.

2. Defendant Horizontal Well Drillers, LLC ("**Defendant**" or "**Horizontal Well Drillers**"), is a domestic for-profit limited liability company that conducts business in McClain County, Oklahoma.

1

## JURISDICTION & VENUE

3. This civil action arises from the wrongful termination of Plaintiff's employment and is based on claims of sex discrimination, harassment, the creation of a sexually-hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5. Plaintiff exhausted his administrative remedies by submitting an Intake Questionnaire dated September 18, 2014, and a Charge of Discrimination dated September 18, 2014, with the Equal Employment Opportunity Commission ("**EEOC**"). The EEOC issued its Dismissal and Notice of Rights letter dated June 23, 2015. Plaintiff hereby files this action within ninety (90) days of receipt of his Dismissal and Notice of Rights letter from the EEOC.

6. Defendant conducts business in McClain County, Oklahoma, may be served in McClain County, and has its principal place of business in McClain County, Oklahoma. Because McClain County is located within the Western District for the United States District Courts of Oklahoma, venue is proper in this Court under 28 U.S.C. § 1391(b).

## **STATEMENT OF FACTS**

7. Plaintiff Chris Ezernack began his employment with Horizontal Well Drillers on or about January 7, 2014. He was employed until the discharge of his employment on or about September 9, 2014.

8. During his employment, Ezernack was qualified for each position he held. Ezernack's last position was as derrick hand.

9. While Ezernack was employed with Horizontal Well Drillers, he was sexually harassed by his co-worker, Tyler Twyman ("**Twyman**"), on multiple occasions.

10. On one occasion on or about the summer of 2014, Twyman grabbed Ezernack's genitals through his pants in a sexual manner without Ezernack's consent.

11. On another occasion, on or about September 5, 2014, Twyman twice grabbed Ezernack's posterior through his pants in a sexual manner without Ezernack's consent while making noises of a sexual nature.

12. Prior to that time, another employee, Brad Rodgers ("**Rodgers**"), a driller, posted onto Facebook a photograph of Ezernack and a male co-worker eating together with a comment that falsely stated they were on a romantic date together.

13. Rodgers was one of Ezernack's supervisors.

14. Ezernack did not welcome the conduct by Twyman and Rodgers and was offended by it.

15. On or about September 5, 2014, just four (4) days before his discharge, Ezernack complained internally to multiple employees about Twyman's conduct.

16. For example, on that day, Ezernack complained to Rodgers, the driller.

17. Instead of taking action to stop the harassment, Rodgers told Ezernack to "forget about it" and to go back to work.

18. The same day, Ezernack also complained to the tool pusher, Jamie (last name unknown).

19. Jamie (last name unknown) was one of Ezernack's supervisors.

20. Instead of taking action to stop the harassment, Jamie (last name unknown) told Ezernack to "carry your a** back outside and cool off."

21. Ezernack also complained to the safety manager, David (last name unknown), on or about September 5, 2014.

22. Finally, on or about September 5, 2014, Ezernack complained to the owner of Horizontal Well Drillers, Mr. Mills ("**Mills**").

23. During his conversation with Mills, Ezernack told Mills that he was uncomfortable working with Twyman because of the incident that day and requested a transfer.

24. Mills denied Ezernack's request for a transfer.

25. Instead, Mills told Ezernack that he would be fired if he did not continue to work with Twyman.

26. Thus, Ezernack continued to work until Horizontal Well Drillers discharged his employment four (4) days later.

27. Horizontal Well Drillers refused to take prompt or remedial measures to correct the sexual harassment that Ezernack was enduring. Rather, Horizontal Well Drillers retaliated against Ezernack for making his protected complaints of sexual harassment.

28. On or about September 9, 2014, Ezernack was discharged by Horizontal Well Drillers in a meeting with Jamie (last name unknown), the tool pusher.

29. Ezernack was told that he was being discharged because he had received three (3) write-ups.

30. Ezernack, however, had received one of those three (3) write-ups the same day he was fired.

31. And, Ezernack was written-up for a situation that was outside of his control.

32. Furthermore, upon information and belief, Horizontal Well Drillers did not discharge other employees who had received three (3) or more write-ups.

33. Thus, the reason offered for Ezernack's discharge was merely pretext for the underlying discrimination and retaliation.

34. Instead, Ezernack was discharged because of his complaints of sexual harassment.

35. As a result of the conduct alleged above, Ezernack has suffered damages.

## THEORY OF RECOVERY: TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff incorporates all prior allegations and further alleges and states as follows:

36. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., in the nature of sex discrimination, harassment, hostile work environment, and retaliation.

37. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

38. Because Defendant's actions were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendant and assess compensatory damages including but not limited to back pay, future wages, emotional distress damages, and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees, and all other relief as this Court may deem equitable and appropriate and allowed by law.

Respectfully submitted,

s/ Joshua C. Stockton
Joshua C. Stockton, OBA # 21833
STOCKTON LAW GROUP, PLLC
1221 S. Holly Avenue
Yukon, OK 73099
Phone: (405) 354-1120
Fax: (405) 354-3591
Email: stocktonlawgroup@gmail.com
***Attorney for Plaintiff Chris M. Ezernack***